Cacace v Grandell Rehabilitation & Nursing Ctr., Inc. (2026 NY Slip Op 01759)

Cacace v Grandell Rehabilitation & Nursing Ctr., Inc.

2026 NY Slip Op 01759

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2022-07501
2023-04679
 (Index No. 610351/21)

[*1]Michael Cacace, etc., respondent, 
vGrandell Rehabilitation and Nursing Center, Inc., etc., appellant.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Judy C. Selmeci, Lori R. Semlies, Steven DeBraccio, and Jennifer M. Walsh of counsel), for appellant.
Finz & Finz, P.C., Mineola, NY (Stuart L. Finz, Todd Rubin, and Benjamin P. Jacobs of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant appeals from (1) an amended order of the Supreme Court, Nassau County (R. Bruce Cozzens, J.), dated July 25, 2022, and (2) an order of the same court dated March 8, 2023. The amended order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint. The order dated March 8, 2023, insofar as appealed from, in effect, upon reargument and renewal, adhered to the prior determination in the amended order.
ORDERED that the appeal from the amended order is dismissed, without costs or disbursements, as that order was superseded by the order dated March 8, 2023, made, in effect, upon reargument and renewal; and it is further,
ORDERED that the order dated March 8, 2023, is modified, on the law, by deleting the provision thereof, in effect, upon renewal and reargument, adhering to so much of the prior determination in the amended order as denied those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging gross negligence and those causes of action alleging negligence occurring on or after March 7, 2020, and substituting therefor a provision, upon renewal and reargument, vacating that portion of the amended order and thereupon granting those branches of the motion; as so modified, the order dated March 8, 2023, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff, as administrator of the estate of the decedent, commenced this action against the defendant, Grandell Rehabilitation and Nursing Center, Inc., where the decedent resided from March 3, 2020, until April 7, 2020, prior to his death. The plaintiff alleged that the decedent was infected with COVID-19, which ultimately resulted in his death on April 7, 2020. The plaintiff also alleged, among other things, that the defendant was negligent both prior to March 7, 2020, and on or after March 7, 2020, in that it failed to prepare and implement adequate infection control procedures. The defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint, contending, among other things, that it was immune from liability under the United States Public Readiness and Emergency Preparedness Act (PREP Act) (42 USC § 247d-6d et seq.) and the [*2]Emergency or Disaster Treatment Protection Act (EDTPA) (Public Health Law former art 30-D, §§ 3080-3082, repealed by L 2021, ch 96, § 1). In opposition, the plaintiff argued, among other things, that the repeal of the EDTPA in April 2021 was retroactive and, therefore, the defendant was not immune from liability. In an amended order dated July 25, 2022, the Supreme Court denied the defendant's motion. Thereafter, the defendant moved for leave to renew and reargue its prior motion. In an order dated March 8, 2023, the Supreme Court, in effect, upon renewal and reargument, adhered to its prior determination in the amended order. The defendant appeals.
"On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Gorbatov v Tsirelman, 155 AD3d 836, 837). Where evidentiary material is considered, and the motion is not converted into a summary judgment motion, the issue becomes whether the plaintiff has a cause of action, not whether he or she has stated one, and dismissal shall not eventuate unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it (see Gunggenheimer v Ginzburg, 43 NY2d 268, 275).
Here, the defendant contends that the plaintiff's causes of action sounding in gross negligence must be dismissed, that it established that it was immune from liability under the PREP Act, and that, in any event, it established that it was immune under the EDTPA from any liability arising from acts or omissions occurring on or after March 7, 2020. Since the complaint's factual allegations were insufficient to support a claim of gross negligence, the Supreme Court, in effect, upon renewal and reargument, should have granted that branch of the defendant's motion which was to dismiss the causes of action alleging gross negligence (see Estate of Pierro v Carmel Richmond Healthcare & Rehabilitation Ctr., 241 AD3d 645).
However, the defendant's contention that it was immune from liability under the PREP Act is without merit. "The PREP Act provides broad immunity from suit and liability under Federal and state law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure during a public-health emergency" (Kluska v Montefiore St. Luke's Cornwall, 227 AD3d 690, 691-692 [internal quotation marks omitted]). Here, the defendant's submissions failed to establish that the decedent's injuries arose from the use of an approved countermeasure under the PREP Act (see Sweatman v Hurlbut, 237 AD3d 1598, 1601; Kluska v Montefiore St. Luke's Cornwall, 227 AD3d at 691-692).
Finally, the Supreme Court should have granted those branches of the defendant's motion which were to dismiss those causes of action alleging negligence occurring on or after March 7, 2020, on the ground of immunity under the EDTPA. Contrary to the plaintiff's contention, the repeal of the EDTPA was not retroactive (see Sapienza v Tromba, 241 AD3d 722; Lara v S & J Operational, LLC, 237 AD3d 1186, 1188; Gonnelly v Newburgh Operations, LLC, 236 AD3d 866, 868; Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc., 228 AD3d 618, 619). Moreover, the defendant's submissions conclusively established that the requirements for immunity under the EDTPA, as originally effective March 7, 2020, were met (see Estate of Pierro v Carmel Richmond Healthcare & Rehabilitation Ctr., 241 AD3d 645; Hyman v Richmond Uni. Med. Ctr., 239 AD3d 617, 618).
Accordingly, the Supreme Court, in effect, upon renewal and reargument, should have granted those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging gross negligence and those causes of action alleging negligence occurring on or after March 7, 2020.
DILLON, J.P., CHAMBERS, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court